# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 24-3068

**September Term, 2025**

FILED ON: JUNE 30, 2026

UNITED STATES OF AMERICA,
APPELLEE

v.

CODY MICHAEL TARNER,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cr-00183)

Before: WILKINS, RAO, and PAN, *Circuit Judges*.

## J U D G M E N T

The case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. The Court has afforded the issues full consideration and determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons stated below, it is hereby:

**ORDERED** and **ADJUDGED** that this appeal from the judgment of the District Court be **DISMISSED**.

### I.

Cody Michael Tarner, represented by counsel and pursuant to a written plea agreement, pleaded guilty to arson in violation of 18 U.S.C. § 844(i). As part of the plea agreement, Tarner agreed to waive his right to appeal "the sentence in [his] case, including . . . the manner in which the sentence was determined, except to the extent the Court sentence[d] [him] above the statutory maximum or guidelines range determined by the Court." J.A. 39. The waiver did not extend to claims of ineffective assistance of counsel. *Id.*

The District Court sentenced Tarner to a below-Guidelines sentence of 120 months' imprisonment, followed by 36 months' supervised release. Tarner appeals his sentence, claiming that it is both procedurally and substantively unreasonable. Because his claims squarely fall within the scope of the appeal waiver in his plea agreement, Tarner's challenge to his sentence is barred.

## II.

We review de novo whether an appeal waiver bars an appeal, *United States v. Hunt*, 843 F.3d 1022, 1027 (D.C. Cir. 2016), and we enforce the waiver if the defendant knowingly, intelligently, and voluntarily agreed to waive the right to appeal, *Khadr v. United States*, 67 F.4th 413, 419, 423–24 (D.C. Cir. 2023). That principle applies with equal force to anticipatory waivers, like the one before us, which by their nature are executed before defendants find out their sentences. *Id.* at 419. Even then, an appeal waiver will be deemed enforceable provided that the defendant "is aware of and understands the risks involved in his decision." *Id.* (quoting *United States v. Guillen*, 561 F.3d 527, 529 (D.C. Cir. 2009)).

The appeal waiver's express language forecloses Tarner's claims that his sentence was procedurally and substantively unreasonable. The waiver plainly limits appeals to instances where the imposed sentence is above the statutory maximum or Guidelines range determined by the District Court or where the challenge is based on the ineffective assistance of counsel. J.A. 39. Neither of those conditions exists here. The 120-month sentence Tarner received was well below the calculated Guidelines range of 235 to 240 months' imprisonment and well below the statutory maximum sentence of 20 years (or 240 months). Yet that sentencing determination is precisely what Tarner presses on this appeal—the District Court's failure to explore mitigating factors that would have reduced his sentence even more. The appeal waiver was drafted for claims of exactly this kind.

Because Tarner's claims fall squarely within the scope of the appeal waiver, we next consider whether he knowingly, intelligently, and voluntarily agreed to waive the right to appeal. *Khadr*, 67 F.4th at 419. As to both the appeal waiver's application and that question, Tarner is silent. Not once in his opening brief does Tarner challenge the validity of the plea agreement or that its appeal waiver is unenforceable. Nor does Tarner make the case that his appeal waiver was not knowing or voluntary. His opening brief is bereft of any contention that he was unaware of, or misunderstood the risks involved in, his decision to plead guilty. *See Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001) (per curiam) (concluding that the defendant's waiver of right to appeal was knowing and voluntary where he never raised that he did not understand the waiver's terms in his motion papers). Though Tarner had the opportunity to address both issues in a reply brief, he chose not to file one. Where no such challenge is raised, none can be considered. *See United States v. West*, 392 F.3d 450, 459 (D.C. Cir. 2004) ("[W]e need not question the validity of [the defendant's] waiver because he has not."); *see also McBride v. Merrell Dow & Pharms., Inc.*, 800 F.2d 1208, 1210 (D.C. Cir. 1986) ("This court ordinarily will refuse to disturb judgments on the basis of claims not adequately briefed on appeal."). Accordingly, Tarner's appeal is dismissed. *See United States v. Pearson*, 570 F.3d 480, 485 (2d Cir. 2009) (per curiam) ("In no circumstance may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement.") (citation modified).

\* \* \* \*

For these reasons, we dismiss the appeal. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

**Per Curiam**

                                         **FOR THE COURT:**
                                         Clifton B. Cislak, Clerk

BY:    /s/
           Daniel J. Reidy
           Deputy Clerk